UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
         )
   v.     )   CRIMINAL NO. 05-CR-10136-RGS
         )
MARK NUTTER   )

## UNITED STATES' REQUEST FOR JURY INSTRUCTIONS

   Pursuant to Fed. R. Crim. P. 30, the United States of America hereby requests that the Court give the following jury instructions, in addition to the Court's customary instructions common to all criminal cases.  The United States reserves the right to supplement, modify, or withdraw these requested instructions in light of the requests, if any, filed by the defendants and the evidence in the case.

         Respectfully submitted,

         MICHAEL J. SULLIVAN
         United States Attorney


     By: /s/ WILLIAM H. CONNOLLY
       /s/ JAMES P. DOWDEN
       Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 8, 2007.

*/s/ James P. Dowden*
James P. Dowden
Assistant U.S. Attorney

CONTENTS

Proposed instruction                                                      page

1    <u>Arson</u> . . . . . . . . . . . . . . . . . . . . . . . . . . 4

2.   <u>The Mail Fraud Charges</u> . . . . . . . . . . . . . . . . . 5

3    <u>Elements of Mail Fraud</u> . . . . . . . . . . . . . . . . . 6

4.   <u>Definition of Scheme to Defraud</u> . . . . . . . . . . . . 7

5.   <u>False, Fictitious or Fraudulent Statements or
     Representations - Defined</u> . . . . . . . . . . . . . . . . 8

6.   <u>Materiality</u> . . . . . . . . . . . . . . . . . . . . . . 9

7.   <u>Success of Scheme Is Not Required</u> . . . . . . . . . . . 10

8.   <u>False Statement Made Knowingly</u> . . . . . . . . . . . . 11

9.   <u>Intent</u> . . . . . . . . . . . . . . . . . . . . . . . . 12

10.  <u>Manner of Proving Intent</u> . . . . . . . . . . . . . . . 14

11.  <u>Use of Mails or Private or Commercial Interstate Carrier -
     Defined</u> . . . . . . . . . . . . . . . . . . . . . . . . . 15

12.  <u>Nexus between fraud and the Use of Mails or Interstate
     Commercial Carrier</u> . . . . . . . . . . . . . . . . . . . 17

13.  <u>Use of Fire to Commit Felony</u> . . . . . . . . . . . . . 18

14.  <u>Commission of the Predicate Crime</u> . . . . . . . . . . . 19

15.  <u>Use of Fire</u> . . . . . . . . . . . . . . . . . . . . . . 20

16.  <u>Verdict Based on Evidence - Not Television</u> . . . . . . . 21

17.  <u>Punishment Irrelevant to Consideration of Guilt</u> . . . . 22

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

Elements of Arson for a Building Involved in Interstate Commerce

The crime of arson as charged in Count 1 of the indictment has three elements, which are:

First, on or about October 16, 2003 the defendant attempted to damage the building rented to him at 161D Mid-Tech Drive in West Yarmouth, Massachusetts by fire;

Second the defendant did so maliciously;

Third, at the time of the fire the building at 161D Mid-Tech Drive was used in interstate commerce or in an activity affecting interstate commerce.

The term "maliciously" as used in this instruction means to intentionally cause damage without just cause or reason.

The term "used in an activity affecting interstate commerce" means active use of the property for commercial purposes and not a passive, passing or past connection to commerce. You may find an effect on interstate commerce has been proven if you find from the evidence beyond a reasonable doubt.

Judicial Committee on Model Jury Instructions For the Eighth Circuit, Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 6.18.844 (2007); Jones v. United States, 529 U.S. 848 (2000).

4

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

The Mail Fraud Charges

Counts 2-4 of the Indictment charge the defendant, Mark Nutter, with Mail Fraud.  Specifically, the indictment charges that Mark Nutter devised and intended to devise a scheme to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises, in connection with the fire at 161D Mid Tech Drive on or about October 16, 2003, and the subsequent insurance claims relating to that fire.  The indictment charges that for the purpose of executing that scheme and attempting to do so, Mark Nutter caused certain items to be sent by mail or commercial carrier, such as Federal Express.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

<u>Elements of Mail Fraud</u>

In order to find either defendant guilty of mail fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that there was a scheme, substantially as charged in the indictment, to obtain money by means of false or fraudulent pretenses or promises;

Second, that the scheme involved false representations about material facts;

Third, that the defendant knowingly and willingly participated in this scheme with the intent to obtain money by means of false or fraudulent pretenses or promises; and

Fourth, that the mails, or an interstate commercial carrier such as FedEx, was used, on or about the date charged, in furtherance of the scheme to defraud.

<u>Adapted from</u> 2 L. Sand, et al, <u>Modern Federal Jury Instructions</u> Instr. No. 44-3 (2000); Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> § 4.12 (Mail Fraud) (1998); <u>Neder v. United States</u>, 527 U.S. 1, 25 (1999).[1]

---

[1]    In each proposed instruction, references to authorities indicate a source or sources for the instruction.  All proposed instructions have been adapted, however, for the circumstances of this case.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

<u>Definition of Scheme to Defraud</u>

A scheme includes any plan, pattern or course of action. The term "defraud" means to deprive another of something of value by means of deception or cheating.  A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person.  Fraud is a general term which includes all kinds of efforts that individuals devise to take advantage of others dishonestly and it may be shown by direct evidence, or by all the circumstances and facts in the case.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme.  What must be proven beyond a reasonable doubt, however, is that the defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment.

<u>Adapted from</u> Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> § 4.12 (Mail Fraud) (1998); 2 L. Sand, et al, <u>Modern Federal Jury Instructions</u> Instr. No. 44-4 (2000).

7

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

<u>False, Fictitious or Fraudulent Statements or Representations -
Defined</u>

The term "false or fraudulent pretenses" means any false
statements or assertions that concern a material aspect of the
matter in question, that were either known to be untrue when made
or made with reckless indifference to their truth and that were
made with intent to defraud.  They include actual, direct false
statements as well as half-truths and the knowing concealment of
material facts.

A false or fraudulent statement or representation may relate
to existing or past facts, or to future plans and intentions.  To
find that the defendant, Mark Nutter, engaged in making false,
fictitious or fraudulent statements or representations, you must
find that he made assertions which were untrue when made and that
he either knew them to be untrue or made them with reckless
disregard for whether they were true.

<u>Adapted from</u> Committee on Pattern Criminal Jury Instructions,
<u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> § 4.12
(Mail Fraud) (1998); <u>Neder v. United States</u>, 527 U.S. 1, 24
(1999) ("[W]e construed the statute to "includ[e] everything
designed to defraud by representations as to the past or present,
or suggestions and promises as to the future.") (citations
omitted).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

<u>Materiality</u>

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decision maker to whom it was addressed.  In this case, the government alleges that Mark Nutter knowingly concealed material facts and made false statements to investigators, and that claims were submitted to insurance carriers for losses incurred in the fire at Mid Tech Drive at October 16, 2003.  Thus, to convict the defendant you would have to find that Mark Nutter either made false representations or knowingly concealed facts on matters that might be important to persons responsible for determining whether to pay the insurance claims.

To be "material" it is not necessary that the statement or representation actually influenced or deceived.  The United States is not required to prove that anyone actually relied upon any false statement, so long as it proves beyond a reasonable doubt that false statements were made that concerned matters that might have been considered important by a reasonable person responsible for determining whether to pay the insurance claims.

<u>Adapted from</u> Committee on Pattern Criminal Jury Instructions,
<u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> § 4.12
(Mail Fraud) (1998); 2 L. Sand, et al, <u>Modern Federal Jury
Instructions</u> Instr. No. 44-4 (2000); <u>Neder v. United States</u>, 527
U.S. 1, 24-25 (1999) ("The common-law requirements of
'justifiable reliance' and 'damages,' for example, plainly have
no place in the federal fraud statutes. . . .  By prohibiting the
'scheme to defraud,' rather than the completed fraud, the
elements of reliance and damage would clearly be inconsistent
with the statutes Congress enacted.").

9

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

<u>Success of Scheme Is Not Required</u>

The government need not prove economic loss to the victims of the fraud in order to prove a scheme to defraud.  Similarly, the government is not required to prove that anyone was actually misled, nor is the government required to prove that the defendant personally profited from the scheme.

It is not necessary for the government to prove that the defendant was actually successful in defrauding anyone or in obtaining money or property by means of false or fraudulent pretenses, representations, or promises.  Nor is it necessary for the government to prove that anyone lost any money or property as a result of the scheme or plan to defraud.  An unsuccessful scheme or plan to defraud or to obtain money by means of false or fraudulent pretenses, representations, or promises is as illegal as a scheme or plan that is ultimately successful.

<u>Adapted from</u> Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, <u>Federal Jury Practice and Instructions</u>, §47.13 (5th ed. 2000); 2 L. Sand, et al, <u>Modern Federal Jury Instructions</u> Instr. No. 44-4 (2000).

10

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

<u>False Statement Made Knowingly</u>

A false statement is made "knowingly" if the defendant knew it was false or demonstrated a reckless disregard for the truth with a conscious purpose to avoid leaning the truth.

<u>Adapted from</u> Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> § 4.08 (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

<u>Intent</u>

The government must establish beyond a reasonable doubt that Mark Nutter participated in the scheme to defraud knowingly, willfully and with intent to defraud. The following definitions will aid you in understanding this element:

A person acts "knowingly" if he is conscious and aware of his actions, realize what he is doing or what is happening around him, and does not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law.

To act with "intent to defraud" means to act willfully and with the specific intent to deceive or cheat for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself.  Thus, if the defendant acted in good faith, he cannot be guilty of the crime.   In this case, in order to convict the defendant you would need to find beyond a reasonable doubt that he acted with the intent to deceive others, be they insurance investigators, claims processors, or other people responsible for determining whether to pay insurance claims.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to

determine, like any other fact question.  The burden to prove

intent, as with all other elements of the crime, rests with the

government.


Adapted from Committee on Pattern Criminal Jury Instructions,
Pattern Jury Instructions: First Circuit, Criminal Cases § 4.12
(Mail Fraud) (1998).

GOVERNMENT PROPOSED INSTRUCTIONS NO. 10

<u>Manner of Proving Intent</u>

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind.  In determining what the defendant, Mark Nutter, knew or intended at a particular time, you may consider any statements made or acts done or omitted by him and all other facts and circumstances received in evidence that may aid in your determination of his knowledge or intent.  You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

<u>Adapted from</u> Committee on Pattern Criminal Jury Instructions, <u>Pattern Jury Instructions: First Circuit, Criminal Cases</u> § 4.12 (Mail Fraud) (1998).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

<u>Use of Mails or Private or Commercial Interstate Carrier -
Defined</u>

The use of the mails or a private or commercial interstate
carrier is an essential element of mail fraud as charged in
Counts 2-4 of the Indictment.

The government is not required to prove that the defendant
personally used the mails or used a private or commercial
interstate carrier.

Nor is the government required to prove that the defendant
specifically intended that the mails or interstate carriers would
be used to further, advance, or to carry out the scheme or plan
to defraud or to obtain money by false or fraudulent pretenses,
representations, or promises.

The government is not required to prove that the items that
were shipped were themselves false or fraudulent or contained any
false or fraudulent statement, representation, or promise, or
contained any request for money or thing of value.

However, the government must prove beyond a reasonable doubt
that the mails or interstate commercial carriers were, in fact,
used in some manner to further or to advance, or to carry out the
scheme to defraud or to obtain money or property by false or
fraudulent pretenses, representations, or promises.  The
government must also prove that the use of the mails or
interstate commercial carrier followed in the ordinary course of
business or events in carrying out the fraud, or that it was

15

reasonably foreseeable that the mails or interstate commercial

carriers would be used.


Adapted from Kevin F. O'Malley, Jay E. Grenig, Hon. William C.
Lee, Federal Jury Practice and Instructions, §47.04 (5th ed.
2000); Pereira v. United States, 347 U.S. 1,8 (1954).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

Nexus between fraud and the Use of Mails or Interstate Commercial Carrier

In order to find the defendant guilty of mail fraud, you would need to find that he caused the use of the mails or interstate commercial carriers in an attempt to execute or carry out the alleged fraud scheme.

A person may be found to have caused the use of the mails or of an interstate commercial carrier if he committed acts with the knowledge that use of the mails or a private or commercial interstate carrier would follow in the ordinary course of business or if the use of a carrier could reasonably be foreseen.

Adapted from Committee on Pattern Criminal Jury Instructions, Pattern Jury Instructions: First Circuit, Criminal Cases § 4.12 (Mail Fraud) (1998); Pereira v. United States, 347 U.S. 1, 8-9 (1954); United States v. Yefsky, 994 F.2d 885, 891-92 (1st Cir. 1993); United States v. Pacheco-Ortiz, 889 F.2d 301, 305 (1st Cir.1989); United States v. Silvano, 812 F.2d 754, 760 (1st Cir.1987).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 13

<u>Use of Fire to Commit Felony</u>

Count Five of the indictment charges the defendant with use of fire to commit a felony in violation of Title 18, United States Code, Sections 844(h)(1) and 2.  It is alleged in Count Five that on or about October 16, 2003, the defendant did knowingly use fire to commit a felony which may be prosecuted in a court of the United States, to wit: mail fraud in violation of Title 18, United States Code, Section 1341 as charged in Counts Two, Three and Four.

For you to find the defendant guilty of the use of fire to commit a felony, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the defendant committed a felony for which he may be prosecuted in a court of the United States; and

Second, that the defendant used fire to commit that felony.

18 U.S.C. 844(h)(1);  2 L. Sand, et al., <u>Modern Federal Jury Instructions</u> Instr. No. 30-8 (2001); <u>United States v. Ruiz</u>, 105 F.3d 1492, 1503-04 (1st Cir. 1997).

18

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 14

<u>Commission of the Predicate Crime</u>

The first element which the government must prove beyond a reasonable doubt is that the defendant committed a felony for which he may be prosecuted in a court of the United States.

The defendant is charged in Counts Two, Three, and Four of the indictment with the crime of mail fraud.  I instruct you that the crime of Mail Fraud is a felony for which the defendant might be prosecuted in a court of the United States.  However, it is for you to determine that the government has proven beyond a reasonable doubt that the defendant committed the crimes of mail fraud charged in Counts Two, Three, and Four.

If upon all of the evidence, you find that the government has failed to prove either Counts Two, Three, or Four for purposes of the October 16, 2003 fire charged in Count Five, beyond a reasonable doubt, then you will proceed no further. Count Five is to be considered only if you first find the defendant guilty under either Count Two, Three, or Four as charged.

2 L. Sand, et al., <u>Modern Federal Jury Instructions</u> Instr. No. 30-9 (2001).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 15

<u>Use of Fire</u>

The second element the government must prove beyond a reasonable doubt is that the defendant used fire to commit the crime of Mail Fraud charged in Counts Two, Three, or Four.

Under this statute, to use fire to commit a crime means to use it in a way that it was integral part of the commission of the crime.  For example, you may find that the defendant used the October 16 fire to commit mail fraud if you find beyond a reasonable doubt that the defendant set the fire, or caused the fire to be set, at the Mid-Tech Drive building to carry out a scheme to deceive the Hanover Insurance Company into making payments to him for claimed losses as a result of the fire.

2 L. Sand, et al., <u>Modern Federal Jury Instructions</u> Instr. No. 30-10 (2001); <u>United States v. Ruiz</u>, 105 F.3d 1492, 1503-04 (1st Cir. 1997).

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 16

<u>Verdict Based on the Evidence and Not on Expectations From
Television and Movies</u>


Many people watch television shows or movies about police

work or lawyers or the criminal justice system, and sometimes

people are affected by that when they serve as jurors.

Television shows and movies can create false expectations about

real life; for example, how the trial is going to proceed, what

the evidence might look like.  You must decide this case on the

evidence in front of you and the law as I give it to you.  Do not

decide this case, even in part, based on something you saw on

television of in a movie.  It's improper and unfair.



Adopted from instruction given in <u>United States</u> v. <u>Diana Piesak</u>,
06-40016-FDS (2007).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 17

Punishment Irrelevant to Consideration of Guilt

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Adapted from Pattern Criminal Jury Instructions of the District Judges Association of the Sixth Circuit, Instruction No. 8.05 (1991).