```
 1                    UNITED STATES DISTRICT COURT

 2                      DISTRICT OF MASSACHUSETTS

 3     ---------------------------------
       UNITED STATES OF AMERICA          :        Cr. No. 05-10136-RGS
 4                                       :
                                         :
 5              V.                       :        Courtroom No. 21
                                         :        1 Courthouse Way
 6                                       :        Boston, MA 02210
       MARK NUTTER                       :        2:30 p.m., Wednesday
 7     ---------------------------------          February 13, 2008

 8
                                 Sentencing
 9

10     Before:       THE HONORABLE RICHARD G. STEARNS,
                     UNITED STATES DISTRICT JUDGE
11

12

13     APPEARANCES:

14     William Connolly and James Dowden,
         Assistant United States Attorneys,
15       1 Courthouse Way, Suite 9200, Boston, MA 02210-3002,
         on behalf of the Government.
16

17     Law Office of Stephen J. Weymouth,
         (by Stephen J. Weymouth, Esquire),
18       65a Atlantic Avenue - Suite 3, Boston, MA 02110,
         on behalf of the Defendant.
19

20

21

22

23                        Marie L. Cloonan
                        Federal Court Reporter
24                 1 Courthouse Way - Room 7200
                  Boston, MA  02210- 617-439-7086
25           Mechanical Steno - Transcript by Computer
```

```
 1                    THE CLERK:  This is United States of
 2    America versus Mark Nutter, Criminal No. 05-10136.
 3              Would counsel please identify themselves for
 4    the record.
 5              MR. CONNOLLY:  Good afternoon, your Honor.
 6    William Connolly for the government.
 7              MR. DOWDEN:  Good afternoon, your Honor.
 8    James Dowden on behalf of the United States.
 9              MR. WEYMOUTH:  Good afternoon your Honor.
10    Stephen Weymouth for Mr. Nutter.
11              THE COURT:  I assume all counsel have had the
12    benefit of the presentence report prepared by the
13    Probation Office.
14              MR. WEYMOUTH:  Yes, your Honor.
15              THE COURT:  Mr. Connolly, it seemed to me that
16    the guidelines most relevant in this case, and the
17    facts, as I understand it, there are two mandatory
18    minimum sentences that the statutes impose?
19              MR. CONNOLLY:  That's correct, your Honor.
20              THE COURT:  If you wish to, if there is any
21    reason to address the guidelines, I'll hear you on
22    that.  But I'm more interested in the government's
23    recommendation as to disposition.
24              MR. CONNOLLY:  No, the government doesn't need
25    to be heard on the guidelines, your Honor.
```

```
 1                THE COURT:  All right.
 2                MR. CONNOLLY:  Your Honor, I think that it is
 3     clear from the presentence report, it's clear from the
 4     statutes, and it's clear from the case law, specifically
 5     United States versus Patel, that, given the way the
 6     case is charged, the five-year minimum mandatory
 7     sentence applicable to Count 1 -- I should reverse
 8     this.  The ten-year minimum mandatory applicable to
 9     Count 5 must be run on and after the five-year minimum
10     mandatory applicable to Count 1, which results in a
11     cumulative sentence of 15 years.
12                The government would also point out that there
13     is mandatory restitution, regardless of the defendant's
14     ability to pay, in the amount of $242,805.13.
15                THE COURT:  So, the government is recommending
16     the 180 months, if my math is correct.
17                MR. CONNOLLY:  Yes, your Honor.
18                THE COURT.  Mr. Weymouth?
19                I'm not sure that the law leaves me an
20     alternative.
21                MR. WEYMOUTH:  I was only going to add -- if
22     you looked at the presentence report -- I know you have,
23     Judge -- you learned a lot about Mr. Nutter during the
24     course of the trial.  His family is here, today.  Five
25     children, two grandchildren.
```

```
 1            I understand what the law is.  I can file a
 2   motion to -- I think that the Count 5 -- the verdict of
 3   the jury was pretty clear as to all five counts.  If the
 4   Court has any way, it can find any way not to impose
 5   that ten-year mandatory minimum on and after, it seems
 6   to me, and I understand the Court really doesn't have
 7   much discretion on these two counts, but, obviously, if
 8   you look at 18 3553, the Court is asked to impose a
 9   sentence that's not greater than necessary to satisfy
10   the obligations set forth in subparagraph 2 of that
11   particular statute.
12            You know, Mark Nutter is in his mid forties,
13   life-long resident of Massachusetts, five children, two
14   grandchildren, married for a very large number of years,
15   a very hard-working man.
16            Graduate from a couple of different vocational
17   and trade schools.  An expert in home heating and air
18   conditioning, HVAC.  Worked for several different
19   companies during the course of his life and for almost
20   ten years had his own business.  Lived on the Cape and
21   raised his family on the Cape.  He worked very hard to
22   provide for his family.
23            I'd ask the Court to not impose the ten-year
24   mandatory minimum sentence and just to give Mr. Nutter
25   the five years that's required by law, the mandatory 60
```

```
 1     months on Count 1.  That is a sentence that is, I think,
 2     fair to Mr. Nutter.  It's enough to satisfy the
 3     obligations and the requirements of that sentencing.
 4     It's all set forth in 18 3553.
 5              Even five years for Mark Nutter is going to be
 6     a long period of time to be away from his family.  My
 7     understanding is that except for a part-time position of
 8     Valerie Nutter, Mr. Nutter has been the main provider
 9     and breadwinner for his family for all of these years.
10              If there is anything the Court can do not to
11     impose that mandatory ten-year sentence on and after, I
12     would ask the Court to consider doing that and give
13     Mr. Nutter the 60 months as required in Count 1.
14              Thank you, Judge.
15              Oh, one other comment about the presentence
16     report, Judge.  And, I mentioned it to Probation.
17              On Page 2 of the report it mentions aliases,
18     Mark F. Nutter, Jr. And Stephen F. -- S. Nutter.
19     There's never been an allegation that Mr. Nutter has
20     ever used an alias throughout any course of his dealings
21     in his life, adult life.  So, I just think that may be
22     terminology that appears there, and I just wanted to be
23     clear.  Mr. Nutter had pointed that out to me as well.
24              And, as the Court knows, Mr. Nutter has a
25     relatively minor criminal record, stemming back to the
```

```
 1    last ten or 15 years, nothing along the lines of what we
 2    have in this particular case, your Honor.
 3              THE COURT:  Any objection to striking the
 4    aliases?
 5              THE PROBATION OFFICER:  I can change the word,
 6    your Honor.
 7              THE COURT:  Mr. Connolly, do you have any
 8    response?
 9              MR. CONNOLLY:  No, I don't, your Honor.
10              May I speak for a moment with Mr. Weymouth?
11              THE COURT:  Yes.
12              (Discussion off the record between
13    Mr. Connolly and Mr. Weymouth.)
14              MR. WEYMOUTH:  Judge, before you pronounce
15    sentence, may I just make another comment?  I want to be
16    sure that I have protected -- I will not be representing
17    Mr. Nutter on appeal and I want to make sure that the
18    appellate record is protected.
19              And, I appreciate Mr. Connolly -- as the Court
20    knows, at the conclusion of the government's case, and
21    at the conclusion of all the evidence, I did file a Rule
22    29, a Motion for Judgment of Acquittal.  I basically
23    waived argument as far as Counts 1 through 4 were
24    concerned, but did talk to the Court about Count 5.  We
25    talked about it in your chambers -- we talked about it
```

```
 1    here, in the courtroom -- that if there does seem to be
 2    some duplicitousness, if you will, between and with and
 3    among Count 1 and Count 5.  There's the multiplicity of
 4    almost similar elements almost put in a different way.
 5    And, I know there's a First Circuit opinion out where
 6    there's a concurring opinion -- it wasn't a holding of
 7    the Court -- that does raise that issue.  And, I just
 8    want to be sure -- I hope the Court will help me -- that
 9    I have preserved that issue properly for Mr. Nutter's
10    appellate counsel to review and that perhaps the Count
11    5, the verdict of the jury, could be set aside as being
12    duplicitous of the verdict that was rendered in Count 1.
13    That, of course, then, would eliminate the ten-year
14    mandatory minimum sentence that Mr. Nutter faces at this
15    point.  So, I think I raised it in the Rule 29.  I think
16    I preserved it during my argument at the close of all
17    the evidence and the close of the government's case.  I
18    just wanted to put that back on the record if that's an
19    issue that could very well be brought by Mr. Nutter's
20    appellate counsel to the attention of the United States
21    Court of Appeals for the First Circuit.
22              THE COURT:  For the record, I find that you
23    did preserve the issue with respect to Count 5.  And, I
24    do think it's an issue that the Court of Appeals may
25    well want to examine in the circumstances of this case.
```

```
 1      As I've indicated before, I found circumstances that
 2      does imply a release pending a sentencing, but there was
 3      going to be prison time.
 4              Were it not for the constraint of mandatory
 5      minimum sentence, there would be a prison sentence, but
 6      not 180 months, to be quite honest about that.  I'm not
 7      condoning what Mr. Nutter did.  It's a serious crime.
 8      But, in his circumstances, 180 months seems to me to be
 9      a sentence that is more than punishment that the terms
10      require.  But, the Court of Appeals can address that
11      issue.  As the trial judge, I have to follow the law.
12              MR. WEYMOUTH:  Thank you your Honor.  I
13      appreciate that.  That issue has been preserved for
14      appellate review.  Thank you.
15              THE COURT:  Mr. Nutter, would you like to be
16      heard?  You're not required to speak.
17              (Pause.)
18              MR. WEYMOUTH:  I think he'd like to, but I
19      think he's just a little too emotional at this point,
20      Judge, and would prefer not to speak.
21              THE COURT:  Mr. Nutter, if you would stand,
22      please.
23              Now, pursuant to the Sentencing Reform Act of
24      1984, and considering the sentencing factors enumerated
25      in 18 United States Code Section 3553(a), it's the
```

```
 1    judgment of the Court that you be committed to the
 2    custody of the Bureau of Prisons for a term of 180
 3    months.  This term will consist of terms of 60 months in
 4    Counts 1 through 4 of the conviction to serve
 5    concurrently and the term of 120 months on Count 5 to be
 6    served consecutively with the terms imposed on Counts 1
 7    through 4.
 8              The Court will make a judicial recommendation
 9    that you be designated to an institution at Fort Devens
10    if that's possible, as requested.
11              You mention that the security in the Bureau of
12    Prisons does not afford an appropriate setting for your
13    physical health, including any lymphoma diagnosis or
14    related issues.
15              On release from custody you will be placed on
16    supervised release for a term of two years.  This term
17    will run concurrently on each count.
18              Within 72 hours of your release from custody
19    of the Bureau of Prisons, you will report in person to
20    the district to which you are released.
21              It is further ordered that you make
22    restitution to the Andover Companies in the amount of
23    $242,075.13.  The restitution shall be paid immediately
24    or according to a court-ordered repayment scheudle.
25    Payments will be made to the clerk of the United States
```

```
 1     District Court for the benefit of the Andover Companies.
 2              You will notify the United States Attorney for
 3     this district within 30 days of any change in mailing
 4     or residence address that occurs on any portion of the
 5     restitution that remains in the case.  I will not impose
 6     a fine given the restitution order in this case.
 7              While on supervised release, you are to comply
 8     with the following terms and conditions:  You will not
 9     commit any federal, state or local crime or illegally
10     possess a controlled substance.  The Court will suspend
11     drug-testing on its determination that you pose little,
12     if any, risk for future substance abuse.
13              You are required to submit for collection of a
14     DNA sample as directed by the Probation Office.
15              You will comply with the standard conditions
16     that have been adopted by the Court and described in
17     United States Sentencing Guidelines, Section 5B1.3C.
18     These will be incorporated in the judgment itself.
19              You are prohibited from possessing a firearm,
20     destructive device, or other dangerous weapon.
21              You will pay the balance of the restitution
22     according to the Court-ordered repayment schedule if
23     restitution is not paid in full.
24              You are prohibited from incurring any credit
25     charges or personal lines of credit without the approval
```

```
 1      of the Probation Office while any financial obligations
 2      remain outstanding.
 3              You are to provide the Probation Office access
 4      to any requested financial information which may be
 5      shared with the financial litigation unit of the United
 6      States Attorney's Office.
 7              You are further ordered that you pay to the
 8      United States a special assessment of $500.  That will
 9      be due immediately.
10              Do counsel detect any technical errors in the
11      sentencing as dictated?
12              MR. CONNOLLY:  No, your Honor.
13              MR. WEYMOUTH:  No, your Honor.
14              THE COURT:  As indicated, the Court has
15      allowed the motion for a judicial recommendation as to
16      the place of confinement.  Motion for release pending
17      appeal is denied.  Consequently, motion for permission
18      to self-report is also denied.
19              The clerk will advise the defendant of his
20      right of appeal.
21              THE CLERK:  Mr. Nutter, you do have the right
22      to file a notice of appeal in this case.  If you do wish
23      to file that notice of appeal, you must file it within
24      ten days from the date that I enter the judgment.
25              If you cannot afford an attorney to file that
```

```
 1    notice of appeal on your behalf, you may request me to
 2    do it and I'll file it in the Clerk's Office for you.
 3              THE COURT:  Mr. Nutter, I wish you well.  I
 4    don't excuse what you did.  The case may illustrate how
 5    uncompromising mandatory sentences can be or have been.
 6    If it were my discretion, it would be a lesser
 7    sentence.  There'd be a sentence, but a lesser
 8    sentence.  But, I want you to understand, unless the
 9    Court of Appeals gives a different instruction, I have
10    no choice but to follow the law.  It is my duty.
11              Again, I thank all counsel.
12              (Whereupon the hearing was concluded at
13    2:50 p.m.)
14
15                       CERTIFICATE
16         I, Marie L. Cloonan, Official Reporter of the
17  United States District Court, do hereby certify that the
18  foregoing transcript, from Page 1 to Page 12, constitutes
19  to the best of my skill and ability a true and accurate
20  transcription of my stenotype notes taken in the matter of
21  Criminal No. 05-10136-RGS, United States of America v.
22  Mark Nutter.
23                                          \s\
24                                     -------------------
25                                       Marie L. Cloonan
```

